# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

BRIAN STEWART,

    **Plaintiff,**

v.                                                           **CIVIL ACTION NO. 3:22-CV-163**
                                                                              **(GROH)**

TIMOTHY REICHARD,
MICHELE STEWART,
RODNEY ALAN STEWART, SR., and
FAIRMONT POLICE DEPARTMENT,
    **Defendants.**

## REPORT AND RECOMMENDATION

### I.    INTRODUCTION

Plaintiff is currently an inmate at West Virginia's North Central Regional Jail[1] ("NCRJ") in Greenwood, West Virginia. On September 23, 2022, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging in five claims that his constitutional rights were violated. ECF No. 1.

This matter was referred to the undersigned pursuant to 28 U.S.C. § 1915A(b) for judicial review. For the reasons set forth below, this Court recommends that Plaintiff's complaint be dismissed with prejudice.

### II.    FACTUAL AND PROCEDURAL HISTORY

On September 23, 2022, Plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights. ECF No. 1. Although not a

---

[1] According to the West Virginia Division of Corrections and Rehabilitation offender search page, the Plaintiff is currently a pre-trial felon with pending charges in Marion County, West Virginia case number 21-M24F-282, and in Monongalia County, West Virginia case number 22-M31F-90. https://apps.wv.gov/OIS/OffenderSearch/RJA/Offender

model of clarity, Plaintiff's complaint lists five grounds for relief wherein he claims that: (1) the Fairmont Police Department entered his home "on receiving [a] report" causing him to have a mental breakdown [Id. at 8]; (2) his brother, Rodney Stewart, Sr., used Plaintiff's food stamp card without Plaintiff's permission [Id. at 2 – 4, 8]; (3) his brother's girlfriend, Michele Stewart, used Plaintiff's food stamp card without Plaintiff's permission [Id. at 2 – 4, 8]; (4) his cousin, Timothy Reichard, made a false report to police after being coached by unidentified parties, resulting in Plaintiff facing up to 20 years of imprisonment [Id.]; and (5) Timothy Reichard lied under oath, resulting in Plaintiff facing up to 20 years of imprisonment [Id.].

Plaintiff claims that he suffered mental and emotional abuse from the actions of Michele Stewart and Rodney Stewart. Id. at 9 – 10. For relief, Plaintiff asks that criminal charges be brought against Defendants, and that each Defendant pay him $10,000.00 in damages. Id. at 10.

Attached to the complaint are various pages from a domestic violence report filed by Timothy Reichard and Michele Stewart against Plaintiff from Marion County Magistrate Court case numbers 21-D-288, and 21-D-289, and family court orders related to a domestic violence protective order from Marion County, West Virginia Family Court, case numbers 21-DV-235, 21-DV-236.[2] ECF No. 1-1.

---

[2] The attachment to Plaintiff's complaint consists of eight pages. Those pages appear to intermix documents from four cases, as follows: (1) Page 1 is the cover page of a Domestic Violence Petition from Marion County Family Court case number 21-D-289, and in the bottom right corner is noted as "Page 3 of 11" [ECF No. 1-1 at 1]; (2) Page 2 is from Marion County Family Court case number 21-D-288, and in the bottom right corner is noted as "Page 6 of 11" [Id. at 2]; (3) Page 3 is the cover page of a "Family Court Order Denying Domestic Violence Protective Order and Terminating the Emergency Protective Order" from Marion County Family Court case number 21-DV-235, and in the bottom right corner is noted as "Page 1 of 3" [Id. at 3]; (4) Page 4 appears to be part of a form prepared by Plaintiff in Marion County, with a listed Magistrate Court case number of 21-D-288 [Id. at 4]; (5) Page 5 is noted in the bottom right corner as "Page 4 of 13" of a Domestic Violence Protective Order form, in an unlisted county Family Court case number 21-DV-236 [Id. at 5]; (6) Page 6 is noted in the bottom right corner as "Page 4 of 11" from a

### III. LEGAL STANDARD

A.    **Pro Se Litigant**

Courts must read *pro se* allegations in a liberal fashion and hold those pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). Pursuant to 28 U.S.C. § 1915A(b), the Court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. A complaint is frivolous if it is without arguable merit either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute). The Supreme Court in Neitzke recognized that:

> Section 1915(d)[3] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless.

---

Domestic Violence Petition form filed in an unlisted county Magistrate Court case number 21-D-289 [Id. at 6]; (7) Page 7 is listed in the bottom right corner as "Page 9 of 11" of the Domestic Violence Petition form signed by Defendant Rodney Stewart and Dawn Hartley, an assistant in the clerk's office, in Marion County Magistrate Court case number 21-D-288 [Id. at 7]; and (8) Page 8 is 1 is the cover page of a Domestic Violence Petition from Marion County Family Court case number 21-D-288, and in the bottom right corner is noted as "Page 3 of 11" [Id. at 8].

    [3] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

490 U.S. at 327.

The Federal Rules of Civil Procedure require only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff is proceeding *pro se* and therefore the Court must liberally construe his pleadings. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1, 92 S.Ct. 594, 596 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007). While *pro se* pleadings are held to a less stringent standard than those drafted by attorneys, even under this less stringent standard, a *pro se* complaint is still subject to dismissal. Haines, supra, at 520–21. "[T]he mandated liberal construction afforded to pro se pleadings 'means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so.'" Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir.1999). However, "judges are [ ] not required to construct a party's legal arguments for him." Small v. Endicott, 998 F.2d 411, 417 - 8 (7th Cir.1993).

Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v.

4

Twombly, 550 U.S. at 555 (2007). Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its face." Id. at 555, 570. In Twombly, the Supreme Court found that "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570. Thus, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

B.  § 1983 Claims

The Supreme Court has held that:

> Title 42 U.S.C. § 1983 provides a cause of action against "[e]very person who, under color of any statute ... of any State ... subjects, or causes to be subjected, any citizen ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws...." The purpose of § 1983 is to deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails.

Wyatt v. Cole, 504 U.S. 158, 161 (1992) (citing Carey v. Piphus, 435 U.S. 247, 254–257 (1978). In Gomez v. Toledo, 446 U.S. 635 (1980), the Supreme Court succinctly stated what a plaintiff must allege to sustain a civil rights action:

> By the plain terms of § 1983, two—and only two—allegations are required in order to state a cause of action under that statute. First, the plaintiff must allege that some person has deprived him of a federal right. Second, he must allege that the person who has deprived him of that right acted under color of state or territorial law.

Gomez, 446 U.S. at 640.

IV.  ANALYSIS

A review of the complaint conducted pursuant to 28 U.S.C. § 1915A(b), reveals

5

that Plaintiff does not make a plausible claim in his complaint based on any cognizable legal authority and fails to present a claim upon which relief can be granted. Actions authorized under § 1983 are intended to "deter state actors from using the badge of their authority to deprive individuals of their federally guaranteed rights." Wyatt v. Cole, 504 U.S. at 161. Critically, complaints in § 1983 actions must allege that some person has deprived him of a federal right. Gomez, 446 U.S. at 640.

A § 1983 cause of action cannot be brought against an individual actor who is not a state employee or agent, and specific allegations must be brought against each named actor. As the Supreme Court recognized in Gomez, only two things must be alleged in a § 1983 action, however, Plaintiff failed to assert either of those requirements. Plaintiff failed to allege that the persons whom he claims deprived him of his rights—Timothy Reichard, Michele Stewart and Rodney Alan Stewart, Sr.—acted under color of state or territorial law. Further, as relates to the Fairmont Police Department, Plaintiff failed to allege that some person deprived him of a federal right.

The Supreme Court has long recognized that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58 (1989). Even liberally construed, Plaintiff failed to make a single allegation against any named individual employed by the Fairmont Police Department. In this case, Plaintiff has failed to identify any officer by name or as an "unknown" person, alleged to have violated his civil rights. Although he asserts that the Fairmont Police Department entered his house and failed to display a warrant in violation of his Constitutional rights, violated his rights under the Americans with Disabilities Act (ADA), used deadly force in violation of his Eighth Amendment rights

6

against cruel and unusual punishment, and caused him to take mental health medication more than he was taking, and is guilty of false imprisonment, he fails to identify a single individual who deprived him of these asserted rights. Further, he fails to assert any physical injury resulting from these alleged violations, but merely a mental health breakdown and causing his health to worsen.

The Fourth Circuit has recognized that:

> [W]here a pro se litigant alleges a cause of action which may be meritorious against persons unknown, the district court should afford him a reasonable opportunity to determine the correct person or persons against whom the claim is asserted, advise him how to proceed, and direct or permit amendment of the pleadings to bring that person or persons before the court.

Harden v. Green, 27 F. App'x 173, 178 (4th Cir. 2001). However, even if Plaintiff had named a proper party, he is still not entitled to relief. Under the Prison Litigation Reform Act (PLRA) of 1996, there is an important limitation upon all actions arising from incarceration, requiring proof of physical injury arising from the allegedly unconstitutional condition. 42 U.S.C. § 1997e(e). See Munn Bey v. Department of Corrections, 839 F.Supp.2d 1 (D.D.C. 2011). Here, Plaintiff does not allege any physical injury. Id. Rather, he alleges mental and emotional abuse and injury. ECF No. 1 at 9 – 10. Thus, even if Plaintiff had stated a claim upon which relief could be granted as to any named defendant, he is ineligible to receive monetary damages unless he has demonstrated prior physical injury, which is not present here. Accordingly, Plaintiff is not entitled to monetary relief.

Plaintiff has failed to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to

7

relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555. Although Plaintiff's complaint is both short and plain, it fails to name a proper defendant who Plaintiff claims violated his civil rights. Accordingly, Plaintiff's complaint should be dismissed without prejudice for failure to state a claim upon which relief may be granted.

Because "only those questions which are squarely presented to a court may properly be addressed," this Court may not construct Plaintiff's arguments for him. Weller v. Dep't of Soc. Servs. for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990). Even when liberally construing Plaintiff's allegations, he fails to assert any claims that the named Defendants subjected, or caused him to be subjected, to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws.

Accordingly, because Plaintiff has failed to state a claim upon which relief can be granted pursuant to § 1983, this Court recommends that this matter be dismissed without prejudice.

## V. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDED** that Plaintiff's section 1983 complaint [ECF No. 1] be **DENIED and DISMISSED WITH PREJUDICE** for the failure to state a claim upon which relief may be granted.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, United States District Judge.

Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.**  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:   February 10, 2023

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE